UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20343-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

BRIAN ALEXIS CAMARILLO,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Brian Alexis Camarillo's ("Defendant") *Pro Se* Emergency Motion for Compassionate Release Pursuant to First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. [143] ("Motion"). Defendant further filed a Notice in support of his Motion, ECF No. [144] ("Notice"), and the Government filed its Response in Opposition, ECF No. [145] ("Response"). The Court has carefully reviewed the Motion, the Notice, the Response, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied without prejudice.

### I. BACKGROUND

On October 23, 2019, Defendant entered into a guilty plea for one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). ECF No. [93]. Defendant was sentenced to a term of imprisonment of 46 months on January 10, 2020. ECF Nos. [129] & [131]. Currently, Defendant is housed at the Federal Transfer Center Miami, and he is scheduled to be released from custody on October 28, 2022.

Defendant files the instant Motion seeking compassionate release due to the ongoing COVID-19 pandemic, arguing that the conditions in which he is housed, the lack of access to

mental health and substance abuse programming, and his asthma put him at an increased risk of infection. Moreover, in his Notice, Defendant indicates that he tested positive for COVID-19 on July 23, 2032. As such, Defendant requests that he be permitted to serve the remainder of his sentence in home confinement. The Government opposes Defendant's request due to his failure to exhaust his administrative remedies.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with over 5,000,000 confirmed cases and almost 162,500 reported deaths as of August 11, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General makes an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated Aug. 11, 2020).

transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate, and does not encourage indiscriminate release. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority

to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant is seeking relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings

>the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id*. *Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

As an initial matter, Defendant's Motion fails on the first of these considerations. As the Government rightfully notes in its Response, Defendant has failed to establish that he exhausted his administrative remedies with the BOP. In particular, Defendant does not provide the Court with any indication of the date on which he submitted his request for compassionate release to the warden of his facility, nor does he state that thirty days have elapsed since making such a request. Instead, his Motion notes that this Court should not wait for the BOP to address his request for compassionate release. Thus, the Court finds that, because Defendant has failed to demonstrate that he has satisfied the statutory prerequisites of § 3582(c)(1)(A), his Motion is due to be denied without prejudice on this basis alone. Defendant may renew his request for compassionate release after he either exhausts all avenues of administrative remedies or receives no response within 30 days of his request to the BOP.

In addition, Defendant does not provide the Court with adequate circumstances to warrant finding that extraordinary and compelling reasons exist for his release. Importantly, Defendant complains that he suffers from asthma without providing any medical records to substantiate the contention that his asthma is severe enough to warrant his release to home confinement at this stage. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated July 30, 2020) (noting that moderate-to-severe asthma **might** increase the risk of contracting a severe case of COVID-19 (emphasis added)); *see also* ECF No. [130] at 16 (pre-sentence investigation report noting that Defendant's last asthma attack occurred approximately six years ago and that he did not have a primary physician before his incarceration). Absent more, these allegations are insufficient to satisfy Defendant's burden on a compassionate release motion. *See United States v. Jordan*, No. 3:16-CR-92-J-39PDB, 2020 WL 1640097, at *3 (M.D. Fla. Apr. 2, 2020) ("An inmate bears the burden of proving that compassionate release is warranted." (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013))). Moreover, Defendant raises additional concerns with regard to his inability to receive the social programming this Court recommended the BOP consider him for at the time of his sentencing. However, the absence of such programming—which the BOP has effectively suspended across the nation in an effort to curb the spread of COVID-19 in prison facilities—is not an appropriate basis for compassionate release because it does not establish extraordinary or compelling circumstances.

Finally, the Court emphasizes that it is not indifferent to the fact that Defendant has tested positive for COVID-19. Rather, the Court is deeply sympathetic to Defendant's present health concerns, which are shared by many across the globe. These concerns are valid and significant. However, the Court must faithfully adhere to the requirement that the defendant bear the burden to establish that early release is warranted under § 3582(c)(1)(A). Here, Defendant has failed to meet that burden. Should he obtain medical records establishing that he suffers from a severe health condition that warrants his release, or should his present medical condition decline so significantly so as to establish extraordinary and compelling circumstances, Defendant may file a supplemental

and adequately supported compassionate release motion before this Court to address those issues.

Absent any such evidence, Defendant's Motion is denied without prejudice.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [143]**, is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 12, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Brian Alexis Camarillo
94771-479
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101