UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20343-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

BRIAN ALEXIS CAMARILLO,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Brian Alexis Camarillo's ("Defendant") *Pro Se* Amended Motion for Sentence Reduction Under the Compassionate Release Statute, 18 U.S.C. § 3582(c)(1)(A)(i), as Amended by the First Step Act and Memorandum in Support. ECF Nos. [147] & [148] ("Motion"). Defendant thereafter filed additional exhibits in support of his Motion. ECF No. [149]. The Government filed its Response in Opposition, ECF No. [152] ("Response"), and Defendant did not file a Reply. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On October 23, 2019, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). ECF No. [93]. Defendant was sentenced to a term of imprisonment of 46 months on January 10, 2020. ECF Nos. [129] & [131]. Defendant is housed at the Federal Transfer Center Miami, and he is scheduled to be released from custody on October 28, 2022.

On July 10, 2020, Defendant filed his first emergency motion requesting compassionate

release, ECF No. [143], which this Court denied without prejudice after full briefing because Defendant failed to establish that he had exhausted his administrative remedies and he failed to submit any medical records or evidence to establish extraordinary and compelling circumstances. ECF No. [146]. Defendant now files the instant amended Motion seeking compassionate release due to the ongoing COVID-19 pandemic, arguing that the conditions at FDC Miami, his health conditions and positive COVID-19 diagnosis, and his gender put him at an increased risk of infection. As such, Defendant requests that his sentence be reduced to time served. The Government opposes Defendant's request due to his failure to exhaust his administrative remedies, the lack of extraordinary and compelling circumstances, and because Defendant still poses a danger to the community if released.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with close to 7,895,000 confirmed cases and more than 216,000 reported deaths as of October 15, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated Oct. 15, 2020).

("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General makes an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate, and does not encourage indiscriminate release. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the

3

> modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant is seeking relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
> > . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a

reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

As an initial matter, Defendant's Motion again fails on the first of these considerations. Defendant contends that he submitted a request to the BOP for a sentence reduction on July 10, 2020, which has gone unanswered. ECF No. [148] at 19. However, none of the exhibits submitted in support of his Motion establish any such request being made. Moreover, the Government notes that the BOP previously considered and denied Defendant's request for home confinement, but that no request for a sentence reduction has been received. ECF No. [152] at 3. Nevertheless, even assuming that the exhaustion requirement was adequately supported, as discussed below, Defendant's Motion still fails on the other prongs of the compassionate release analysis.

In particular, Defendant's Motion does not provide the Court with adequate circumstances to warrant finding that extraordinary and compelling reasons exist for his release. First, although he cites his "medical condition" as being one of the factors subjecting him to heightened risk of death from COVID-19, Defendant fails to point to any particular medical condition. Nonetheless,

based on Defendant's prior motion, the Court assumes that the medical condition to which Defendant refers is his history of asthma, which is supported by the medical records submitted both by Defendant and the Government. Notably though, Defendant's medical records do not indicate that his history of asthma is severe enough to warrant a sentence reduction. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Oct. 6, 2020) (noting that moderate-to-severe asthma **might** increase the risk of contracting a severe case of COVID-19 (emphasis added)); *see also* ECF No. [130] at 16 (pre-sentence investigation report noting that Defendant's last asthma attack occurred approximately six years ago and that he did not have a primary physician before his incarceration). Moreover, as the Government notes, Defendant's most recent medical records indicate that he has recovered from COVID-19 and is no longer housed in the isolation unit. *See, e.g.*, ECF No. [152] at 9-17. Thus, as Defendant has recovered from COVID-19, the Court is unpersuaded that his history of asthma alone presents sufficient circumstances to warrant his release.[2]

Finally, the Court recognizes that FDC Miami previously had an influx of positive cases among inmates. However, the facility reports that it currently has only twelve positive inmate cases of COVID-19, a significant decrease since the time Defendant filed his Motion. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 15,

---

[2] Defendant also points to his gender as a basis for his heightened risk of death from COVID-19. However, gender is not one of the risk factors identified by the CDC and thus is not relevant to the Court's analysis here. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Oct. 6, 2020).

2020). The fact that FDC Miami has reduced the number of positive inmate cases since mid-September is noteworthy in the Court's analysis of Defendant's Motion. Upon review of the circumstances surrounding Defendant's Motion, including his lack of significant medical conditions warranting release, his recovery from COVID-19, and the reduced number of positive cases at FDC Miami, the Court finds that the extraordinary and compelling circumstances test is not satisfied here.[3] Accordingly, Defendant's Motion is denied.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [147]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 15, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Brian Alexis Camarillo
94771-479
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101

---

[3] Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting his release, the Court does not need to address the remaining considerations under § 3553(a) and § 3142(g).