UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20343-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

BRIAN ALEXIS CAMARILLO,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendant's Motion for Reconsideration, ECF No. [155] ("Motion"), filed on November 3, 2020. The Government did not file any response. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

On October 15, 2020, the Court entered an Order denying Defendant's second motion for compassionate release, ECF No. [154] ("Order"), and explaining that, even assuming that the exhaustion requirements were satisfied, Defendant failed to establish extraordinary and compelling circumstances justifying his release. *See generally id.* Defendant now moves for reconsideration of the Court's Order because he believes the Court failed to consider all relevant evidence relating to Defendant's medical conditions and his request for release. ECF No. [155].

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the [United States] Supreme Court and [the Court of Appeals for the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citation omitted); *United States v. Nunez*, No. 2:17-CR-87-FtM-38MRM, 2020 WL 5569522, at *1 (M.D. Fla. Sept. 17, 2020). In ruling on a

motion for reconsideration in a criminal case, federal courts apply civil standards and exercise substantial discretion. *See United States v. Sabooni*, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (citing *United States v. Pugh*, 426 F. App'x 876, 876 (11th Cir. 2011)).

> Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

*Nunez*, 2020 WL 5569522, at *1.

Indeed, reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1370 (S.D. Fla. 2002). To warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment" (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007))).

Case No. 19-cr-20343-BLOOM

Upon review and construing Defendant's Motion liberally, the Court does not find a basis to disturb its prior ruling denying Defendant's second motion for compassionate release. *See Hernandez v. Charlotte Corr. Inst.*, 394 F. App'x 667, 668 (11th Cir. 2010) ("[Courts] liberally construe *pro se* briefs."). As an initial matter, the Motion fails to present any reason to reassess whether Defendant carried his burden to support his request for compassionate release. Rather, the Motion simply reemphasizes the medical conditions that the Court considered in both of its prior orders denying compassionate release. *See* ECF No. [146] at 5-6; ECF No. [154] at 5-6. Additionally, Defendant argues that the Court "misunderstood its authority" to grant compassionate release when applying 18 U.S.C. § 3582(c). ECF No. [155] at 4. However, the Court is keenly aware of the scope of its authority under § 3582(c), and Defendant's argument to the contrary simply evinces his disagreement with the result of the Court's determination. Ultimately, Defendant's Motion is a quintessential attempt to induce the Court to revisit an unfavorable ruling without a legal or factual justification for doing so. *See Jacobs*, 626 F.3d at 1344.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [155]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 18, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

3

Case No. 19-cr-20343-BLOOM

Brian Alexis Camarillo
94771-479
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101